**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.                                    Case No. 6:13-cv-414-Orl-37KRS

THE MORTGAGE FIRM, INC.,

    Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Complaint (Doc. 1), filed March 14, 2013;

2. Defendant The Mortgage Firm, Inc.'s Notice of Motion and Motion to Dismiss and/or for More Definite Statement; Memorandum of Points and Authorities in Support Thereof (Doc. 14), filed April 26, 2013; and

3. LBH's Response and Memorandum of Law in Opposition to MFI's Motion to Dismiss and/or for More Definite Statement (Doc. 19), filed May 13, 2013.

Upon consideration, the Court hereby denies Defendant's motion to dismiss, for the reasons set forth below.

## BACKGROUND

On October 12, 2006, Plaintiff and Defendant entered into an agreement, governed by New York law, pursuant to which Defendant sold Plaintiff mortgage loans.

(Doc. 1, ¶¶ 5–13.) The agreement incorporates a Seller's Guide,[1] which sets forth additional obligations of Defendant. (*Id.* ¶ 8.) Under the Seller's Guide, if the borrower on a loan failed to make the first mortgage payment, Defendant would repurchase that loan back from Plaintiff. (*Id.* ¶¶ 14–15.)

On October 1, 2007, the borrower on the loan that is the subject of the instant case failed to make the first payment, triggering Defendant's obligation to repurchase the loan from Plaintiff. (*Id.* ¶ 16.) Plaintiff alleges that Defendant refused to repurchase the subject loan, breaching their agreement. (*Id.* ¶¶ 18–19.) Plaintiff subsequently sold and liquidated the loan on May 30, 2008, suffering damages. (*Id.* ¶¶ 21–22.)

Plaintiff now brings the instant claim for breach of contract. (*Id.* ¶¶ 23–27.) Defendant moves to dismiss the Complaint, arguing that it fails to state a claim and is barred by the doctrine of laches. (Doc. 14, p. 2.) Plaintiff opposes. (Doc. 19.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss a complaint, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal

---

[1] While the agreement is attached to the Complaint (Doc. 1-2), the Seller's Guide is not. Nevertheless, Plaintiff did plead the existence of certain obligations of Defendant contained in the Seller's Guide (Doc. 1, ¶ 14), and the Court must construe those allegations as true for the purpose of considering the instant motion. *See Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006).

2

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I. Failure to State a Claim

Under New York law, a plaintiff claiming breach of contract must allege: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages. *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). "[T]he complaint must plead the terms of the agreement upon which defendant's liability rests." *Posner v. Minn. Mining & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y. 1989). Defendant argues that the Complaint fails to state a breach of contract claim and does not allow Defendant to intelligently respond because it does not allege: (1) the borrower of the loan; (2) the date of the loan; (3) the real property securing the loan; (4) the Seller's Guide, which is incorporated into the agreement; and (5) when the demand to repurchase was made. (Doc. 14, p. 4.)

Though Plaintiff did not attach the Seller's Guide to the Complaint, Plaintiff has pled that a contract exists which Defendant breached. (Doc. 1, ¶¶ 14–19.) This is all that is necessary at this stage. As to the specifics—the borrower, the date of the loan, the real property, and the demand date—the Court finds that these details are unnecessary to state a claim and are more properly the province of discovery. Moreover, Plaintiff attached to its response communications that it made to Defendant which contain the very information that Defendant claims it does not possess. (*See* Doc. 19-1, pp. 13–15.) Therefore, the Court is confident that Defendant can adequately prepare a response to the Complaint.

## II.     Laches

Defendant also argues that the Complaint is barred by the doctrine of laches. (Doc. 14, p. 5.) Laches is an affirmative defense, Fed. R. Civ. P. 8(c)(1), which involves a fact-intensive inquiry, *Parsons v. Lipe*, 286 N.Y.S. 60, 100 (Sup. Ct. 1933), *aff'd*, 269 N.Y. 630, 632 (1936). Therefore, the Court declines to consider the merits of this defense on the basis of the present meager record. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (noting that the merits of an affirmative defense should only be resolved at the motion to dismiss stage "if the defense appears on the face of the complaint"). Defendant may raise this defense again at an appropriate stage and should properly support its argument with evidence of a prejudicial change in position due to the time lapse. *See, e.g.*, *In re Barabash*, 31 N.Y.2d 76, 82 (1972).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant The Mortgage Firm, Inc.'s Notice of Motion and Motion to Dismiss and/or for More Definite Statement; Memorandum of Points and Authorities in Support Thereof (Doc. 14) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 17, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record